UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURE ENERGY, INC., et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV01719 JCH |
| ) | |
| COAL SYNTHETICS, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel (Doc. No. 113). This Motion is fully briefed and is ready for disposition.

## **DISCUSSION**

In their Complaint, Plaintiffs allege that Defendants acquired and disclosed Secure Energy, Inc's ("Secure") secret information and used that information in furtherance of establishing and operating Coal Synthetics, in violation of various confidentiality agreements entered into between Secure and Defendant Icon Construction ("Icon").[1] Plaintiffs allege that Narendra Patel, on behalf of Icon, executed a Stockholder Agreement with Secure that included a confidentiality provision that

---

[1]Specifically, Plaintiffs allege the following causes of action: (1) breach of contract against Icon, (2) breach of fiduciary duty against Narendra Patel, Icon, Datel Engineering, LLC ("Datel"), Jesse Gump and Bryan Handy, (3) fraud against Narendra Patel, Icon, Datel, Jesse Gump and Bryan Handy, (4) negligent misrepresentation against Narendra Patel, Icon, Datel, Jesse Gump and Bryan Handy, (5) tortious interference with contract against Narendra Patel, Jesse Gump, Bryan Handy, Matthew Patel, Stuart A. Rose and Coal Synthetics, (6) misappropriation of trade secrets under Mo.Rev.Stat. § 417.450 against all defendants, (7) unfair competition against all defendants, (8) civil conspiracy against all defendants, (9) violation of Missouri Uniform Securities Act, Mo.Rev.Stat. § 409.1-102, *et seq.* against Narendra Patel, Icon and Datel, (10) violation of Racketeer, Influence and Corrupt Organizations Act, 18 U.S.C. § 1964, against all defendants, (11) injunctive relief against all defendants, and (12) constructive trust against all defendants. After Plaintiffs filed their First Amended Complaint, this Court dismissed Rose and Matthew Naren Patel from this cause of action for lack of personal jurisdiction. (Doc. No. 112).

precluded Patel from providing confidential information to any competitor. (Amended Complaint ("Compl."), Doc. No. 73, ¶ 24). Plaintiffs also allege that Secure and Icon executed a "Confidentiality Agreement" that precluded Icon from disclosing information about Secure's plant and gasifiers to any third party. (Compl., ¶ 27). Plaintiffs allege that, despite these agreements, Secure's confidential information was fraudulently and improperly disclosed for the benefit of Coal Synthetics. Specifically, Plaintiffs allege that "[i]n the face of a duty to disclose [any adverse interest], Defendants Narendra Patel and Gump obtained an equity interest in Coal Synthetics without identifying to Secure their equity ownership interest in a direct competitor." (Compl., ¶ 109).

In interrogatory numbers 14 and 15, Plaintiffs seek information regarding all persons with equity interests in Icon and Datel. In document requests numbers 24 and 25, Plaintiffs seek documents relating to the ownership structure of Icon Datel.[2] Plaintiffs assert that they need this information because "the interrogatories and request for production at issue in this motion, together with other requests asked of Coal Synthetics, would enable Secure to determine if any of Icon's or Datel's investors are also invested in Coal Synthetics." (Memorandum in Support of Motion of Plaintiffs to Compel Defendants Icon Construction, Inc.'s and Datel Engineering, LLC's Answers to Interrogatories and Requests for Production, Doc. No. 114, p. 3). Plaintiffs claim that "[a]ny undisclosed commonality of ownership between Icon or Datel and Coal Synthetics would amount to a breach of the fiduciary duty Icon and Datel owed to Secure. (Id.)

To date, Defendants have not fully answered these interrogatories. Defendants object to the interrogatories because they claim that the information sought is not reasonably calculated to lead to the discovery of admissible evidence and seeks proprietary and confidential information. (Doc. No.

---

[2]The parties dispute whether Defendants adequately have produced responsive documents.

114-2).[3] After a telephone conference with the parties, Defendants agreed to provide documents to the Court detailing the ownership interests in Icon, Datel and Coal Synthetics to determine whether there is any commonality of ownership between Icon, Datel and Coal Synthetics. (Doc. No. 115). The Court subsequently asked for briefing on the proper scope of discovery in this case and what constitutes "commonality of ownership." (Doc. No. 122).

Defendants claim that they have provided sufficient information to refute Plaintiffs' claim that there may be a commonality of ownership between Icon or Datel and Coal Synthetics. Defendants state that they have provided sworn affidavits from Narendra Patel and Jesse Gump stating that they have no ownership interests in Coal Synthetics. (Response, p. 6 (citing Defendant Narendra Ramdas Patel's Objections and Responses to Plaintiffs' First Set of Interrogatories, Nos. 15 and 16; Defendant Jesse Gump's Obligations and Responses to Plaintiffs' First Set of Interrogatories, Nos. 15 and 16). Defendants assert that, based upon the sworn affidavits provided, there can be no "commonality of ownership" for Icon and Datel with respect to Coal Synthetics. (Response, p. 6).

Based upon the Court's review of the submissions from Defendants, the Court finds that there may be a "commonality of ownership" between Icon or Datel and Coal Synthetics. Defendants have submitted evidence that there may be familial interests in Icon, Datel and Coal Synthetics. Although the evidence presented is not dispositive of whether there is a commonality of ownership, Plaintiffs

---

[3]With respect to requests for production numbers 24 and 25, Defendants state that "[n]otwithstanding and without waiving Defendants' general and specific objections, responsive, non-privileged documents will be produced once the Court has entered an appropriate protective order governing the confidentiality of documents and information." (Doc. No. 114-2). Defendants produced documents identifying Icon's structure as an Ohio general corporation and Datel's structure as an Ohio limited liability corporation. (Memorandum of Defendants Icon Construction, Inc. and Datel Engineering, LLC in Opposition to Plaintiffs' Motion to Compel and in Response to Plaintiffs' Additional Memorandum Offered in Support of Plaintiffs' Motion to Compel ("Response"), Doc. No. 124, p. 3). Accordingly, Defendants believe that they have sufficiently responded to Plaintiffs' requests.

should be permitted to perform discovery on whether these relationships constitute a "commonality of ownership." See also Creative Computer Services, Inc. v. Kazanjian, No. 79-729, 1982 U.S. Dist. LEXIS 12587, at * 12-13 (D. Mass. May 11, 1982) (where business was conducted in an informal and accommodating fashion between members of the family and family would have profited from the company's success, there was such a commonality of interests that the separate identities must be disregarded).

Further, Defendants have not identified all of the owners of Coal Synthetics. Although Defendants assert that the owners of Icon and Datel do not have an ownership interest in Coal Synthetics (Response, p. 2, n. 1), Defendants have not provided sufficient information to the Court to determine that no relationship exists between the owners of Icon and Datel and all of the investors of Coal Synthetics. Plaintiffs are entitled to pursue this area of inquiry during discovery.

Finally, this Court finds that the protective order in place in this case affords sufficient protection to the Defendants' confidentiality and proprietary concerns. See GP Indus., LLC v. Eran Indus., Nos. 8:06CV50, 8:06CV51, 2006 U.S. Dist. LEXIS 82866, at *13 (D. Neb. Nov. 13, 2006) (citing Federal Open Mkt. Comm. v. Merrill, 443 U.S. 340, 362 (1979)) ("Merely because documents may contain confidential information does not foreclose disclosure, confidentiality does not equate to privilege."). The protective order provides that documents designated as "Highly Confidential" may not be disclosed to named parties, deponents or witnesses in the litigation. (Doc. No. 104). See Impact, LLC v. United Rentals, Inc., No. 4:08CV00430, 2009 U.S. Dist. LEXIS 12734, at *10 (E.D. Ark. Feb. 18, 2009) ("A protective order has now been issued, so the objection that the information is confidential and proprietary is overruled.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel (Doc. No. 113) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Defendants Icon and Datel shall supplement their answers to interrogatory numbers 14 and 15 and their responses to document request numbers 24 and 25 within ten (10) days.


Dated this 2nd day of September, 2009.


                                      /s/ Jean C. Hamilton

                                      UNITED STATES DISTRICT JUDGE