UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SECURE ENERGY, INCORPORATED, et al., | : | CASE NO. No. 4:08-cv-01719-JCH |
| | : | |
| | : | (Judge Jean C. Hamilton) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **DEFENDANTS' MOTION TO** |
| COAL SYNTHETICS, LLC, et al., | : | **COMPEL KENNY SECURITIES** |
| | : | **CORPORATION TO COMPLY** |
| Defendants. | : | **WITH SUBPOENA** _____ |
| | : | |

_____

I.        INTRODUCTION AND BACKGROUND

Pursuant to Fed. R. Civ. P. 45(c), Defendants Narendra Ramdas Patel, Bryan

Handy, Jesse Gump, Coal Synthetics, LLC, Icon Construction, Inc. and Datel Engineering, LLC

(collectively, "Defendants") move to compel Kenny Securities Corporation ("Kenny Securities")

to comply with a Subpoena requesting documents relevant to Plaintiffs Secure Energy, Inc. and

Secure Energy Decatur, LLC's (collectively, "Plaintiffs") claims.  Kenny Securities is an

investment banking and brokerage business that formerly was owned by Plaintiffs' co-founder

Jack Kenny and currently is owned by Mr. Kenny's wife.  August 26, 2009 Deposition of J.

Kenny (relevant portions attached as Exhibit 3).[1]  Kenny Securities offers services such as

corporate finance, equity research, and equity syndicate and trading.  Plaintiffs hired Kenny

Securities to solicit investors for the development of the coal gasification plant in Decatur,

Illinois ("Secure Energy Project").  That Secure Energy Project is the primary basis for the

_____

[1] Mr. Kenny testified: "I worked at Kenny Securities from '95 to '03. . . .  I founded Kenny.  That was an investment banking institutional research and institutional sales firm." Kenny Depo., pp. 191, 198-99.  He further testified: "Q: So that is when you turned Kenny Securities over to your wife?  A:  Correct."  Id., p. 208.

claims alleged in the First Amended Complaint.  Defendants sought to obtain from Kenny Securities documents relating to its attempts to obtain investors for the Secure Energy Project by serving a Subpoena on Kenny Securities on October 28, 2009.  (The Subpoena to Kenny Securities was issued from the District Court for the Eastern District of Missouri[2] and is attached as Exhibit A to the Declaration of L. Sanom ("Sanom Decl."), which is attached as Exhibit 2 to this Motion.)  Per the Subpoena, Kenny Securities was to produce documents to Defendants by November 9, 2009.

Defendants' Subpoena specifically requested that Kenny Securities produce documents and communications relating to two categories of information:  (1) communications with actual or potential investors in the Secure Energy Project, including those who withdrew from investing (Request Nos. 1 and 9); and (2) opinions, reports or reviews relating to the Secure Energy Project that were prepared by or submitted to Kenny Securities (Request No. 4).  Id. These two categories of documents are relevant to Plaintiffs' allegations that they were unable to obtain financing for the Secure Energy Project due to actions or inactions of Defendants relating to the engineering for the Secure Energy Project and to Plaintiffs' allegations that Defendants caused a delay of the Secure Energy Project.

On November 5, 2009, Kenny Securities' counsel (Bo Devereux) sent Kenny Securities' initial objections to the Subpoena to Defendants, but did not produce any documents

---

[2] Kenny Securities is a corporation with a principal place of business in St. Louis, Missouri.

responsive to Defendants' document requests.[3]  Nov. 5, 2009 Letter from R. Devereux to T. Kraemer (attached as Exhibit B to Sanom Decl.).  On November 10, 2009, Defendants' counsel sent a letter to Mr. Devereux requesting that Kenny Securities' noncompliance with the Subpoena be cured immediately.  Nov. 10, 2009 Letter from L. Sanom to R. Devereux (attached as Exhibit C to Sanom Decl.).  Kenny Securities submitted its second objections and responses to Defendants later that afternoon.  Kenny Securities Corporation's Objections and Responses to Subpoena (attached as Exhibit D to Sanom Decl.).  In those objections and responses, Kenny Securities refused to produce any responsive documents.  Kenny Securities objected to Request Nos. 1 and 9 on the bases that the requests seek irrelevant and confidential information and are overbroad and unduly burdensome.  Id.  Kenny Securities further objected to Request No. 4 on the bases that the request sought irrelevant and confidential information and Kenny Securities "does not believe that any such documents exist."  Id.  Kenny Securities did not argue that it had produced all non-privileged responsive documents.  Id.

Because the deposition of Kenny Securities' corporate representative was scheduled for November 17, 2009, Defendants' counsel attempted to resolve the issue of Kenny Securities' failure to produce even one responsive document with Mr. Devereux via telephone on November 13, 2009.  Sanom Decl., ¶ 9.  Mr. Devereux did not make any commitment regarding Kenny Securities' production of documents in compliance with the Subpoena.  Id.  That conversation was memorialized in a November 14, 2009 email from Defendants' counsel to

---

[3] Kenny Securities' objections make reference to ARC, which appears to have been an error in copying and pasting the September 4, 2009 objections to the subpoena served upon ARC Financial Corporation.  Defendants assume that the intention was to object on behalf of Kenny Securities instead of ARC.

Mr. Devereux.  Nov. 14, 2009 Email from L. Sanom to R. Devereux (attached as Exhibit F to Sanom Decl.).

On November 16, 2009, Defendants' counsel conferred with Kenny Securities' counsel via telephone regarding its failure to produce any responsive documents.  Sanom Decl., ¶ 10.  Kenny Securities' counsel did not commit to producing any documents and stated only that she would look into whether Kenny Securities would produce documents.  Id.  On November 17, 2009, Defendants' counsel again spoke with Kenny Securities' counsel via telephone regarding Kenny Securities' incomplete production.  Id.; Sanom Decl., ¶ 11.  Kenny Securities' counsel again made no commitment to produce documents during that conversation, but then produced hundreds of documents on November 17, 2009, just one hour before the scheduled deposition of Kenny Securities' corporate representative.  Nov. 17, 2009 Emails from S. Rubenstein to L. Sanom (attached as Exhibit G to Sanom Decl.).  Later that afternoon, Kenny Securities produced additional responsive documents.  Id.  Of the documents produced by Plaintiffs' counsel at or about the time of the scheduled deposition, the majority were shareholder agreements that have previously been produced by Plaintiffs' counsel on behalf of Plaintiffs.  Sanom Decl., ¶ 12.  The next day (November 18, 2009), Kenny Securities produced an additional sixteen pages of documents.  Nov. 18, 2009 Email from S. Rubenstein to L. Sanom (attached as Exhibit H to Sanom Decl.).  The document production remained insufficient.  None of the produced documents were responsive to Request No. 4.  See id.

On November 19, 2009, Defendants' counsel advised counsel for Kenny Securities that Kenny Securities' production continued to be incomplete, particularly as to Request Nos. 1, 4 and 9.  Nov. 19, 2009 Letter from L. Sanom to S. Rubenstein (attached as

Exhibit I to Sanom Decl.).  Defendants' counsel requested that Kenny Securities produce substantive communications with potential or actual investors, including but not limited to notes of conversations or meetings, in response to Request No. 1, and produce all remaining documents responsive to Request No. 9.  Id.  Defendants' counsel offered that initial solicitation communications to investors did not need to be produced.  Sanom Aff. ¶ 14.  As to Request No. 4, Defendants' counsel requested that Kenny Securities produce responsive documents, including the presentations identified by its corporate representative in his deposition,[4] or identify responsive bates ranges in the documents previously produced by R.W. Beck.  Id.

Kenny Securities' counsel responded on November 22, 2009, stating that Request Nos. 1 and 9 were overly burdensome and all responsive documents relating to investors with whom a term sheet was exchanged were produced.  Nov. 22, 2009 Letter from S. Rubenstein to L. Sanom (attached as Exhibit J to Sanom Decl.).  Despite Kenny Securities' representation that all responsive documents relating to the term-sheet investors would be produced, it appears only the term sheets were produced.  Sanom Decl. ¶ 16.  With respect to Request No. 4, Kenny Securities' counsel refused to produce presentations or identify responsive bates ranges for the responsive documents, leaving Defendants in the dark as to what responsive documents are in the possession of Kenny Securities.  Nov. 22, 2009 Letter from S. Rubenstein to L. Sanom (attached as Exhibit J to Sanom Decl.).

The documents that Defendants requested from Kenny Securities in Request Nos. 1, 4 and 9 are directly relevant to the claims of Plaintiffs and the defenses of Defendants.

---

[4] Deposition of R. Kohne, pp. 11-12 (relevant portions attached as Exhibit 4) ("There would be investor presentations that were sent out, some in hard copy and some as emails. . . . I would say [the volume of the presentations I have reviewed is] approximately 15.").

Defendants have attempted to narrowly tailor the requests for production so as not to impose an undue burden on Kenny Securities.  Defendants offered that initial non-substantive communications with investors, need not be produced.  Since Kenny Securities has refused to provide any documents beyond term sheets with investors, Defendants cannot know the questions or concerns investors had that may have affected their investment decisions.  These documents relate directly to Plaintiffs' claims that Defendants caused a delay of the Secure Energy Project and did not provide sufficient engineering drawings.  As the discovery deadline in this litigation of November 20, 2009 has already passed, it is important for Defendants to obtain the requested documents in a timely manner.

II.       KENNY SECURITIES MUST PRODUCE THE DOCUMENTS REQUESTED BY DEFENDANTS

      Under Fed. R. Civ. P. 45(c)(2)(B), Defendants may move at any time for an order to compel production when the party subject to a subpoena fails to comply with that subpoena. As Kenny Securities has failed to comply with the Subpoena without adequate excuse under Rule 45(e), the Court should issue an order requiring that Kenny Securities immediately produce responsive documents in compliance with the Subpoena.

      Defendants are entitled to all documents responsive to its requests for production. To obtain documents pursuant to a Rule 45 subpoena, a party must show only that the requested documents are relevant to the claim or defense of any party.  Pointer v. DART, 417 F.3d 819, 821 (8th Cir. 2005) (recognizing that a "subpoena must also seek relevant information" under Fed. R. Civ. P. 26(b)(1)), cert. denied, 546 U.S. 1173, 126 S. Ct. 1338 (2006).  The test of relevance at the discovery stage is very broad.  Plant Genetic Sys., N.V. v. Northrup King Co., Inc., 6 F. Supp. 2d 859, 861 (E.D. Mo. 1998) ("Relevance under Rule 26(b)(1) [is] construed

6

more broadly for discovery than for trial.").  "[D]iscovery is to be allowed even though what is sought seems only remotely related to relevant matters in dispute." B-Dry Sys. of Kansas City, Inc. v. B-Dry Sys., Inc., No. 88-0653-CV-W-6, 1990 U.S. Dist. LEXIS 16620, at *2 (W.D. Mo. Dec. 3, 1990).

A.      The Requested Documents Are Relevant to This Litigation

Kenny Securities' relevancy objections to Request Nos. 1, 4 and 9 are meritless. Each request seeks documents related to Plaintiffs' ability or inability to obtain financing for the Secure Energy Project, an issue that Plaintiffs have raised throughout this litigation.  In the First Amended Complaint (Clerk's Dkt. No. 73), Plaintiffs allege that they needed a financeable set of engineering drawings from Defendants Icon and Datel to secure financing for the Secure Energy Project.  First Amended Complaint, ¶¶ 19, 23 ("Pursuant to Phase I of this agreement [between Icon, Datel and Plaintiffs], Icon and Datel agreed to provide design engineering services for Secure's Decatur plant . . . culminating in the production of a financeable set of engineering drawings and specifications. . . Icon and Datel have failed to deliver financeable engineering plans, specifications and designs to Secure, but claim to still be working on such documents.").

At his deposition, Plaintiffs' co-founder, Lars Scott, claimed that without a financeable set of engineering drawings Plaintiffs could not obtain financing.  Mr. Scott testified: "[Icon] told me on several occasions that they could do the engineering work required to get a financeable set of documents which would be the documents that [R.W.] Beck would require" to get debt financing for the Secure Energy Project.  Deposition of Lars Scott, pp. 53-54 (relevant portions attached as Exhibit 5).  Plaintiffs claim Defendants' failure to provide financeable drawings delayed Plaintiffs' project.  First Amended Compl. ¶ 76.  Plaintiffs claim damages of

over $1.5 million for this delay.  Plaintiffs' Answer to Defendants Icon Construction, Inc. and

Datel Engineering LLC's First Set of Interrogatories, Interrogatory Answer No. 2 (relevant

portions attached as Exhibit 6); Plaintiffs' Answers to Defendants Icon Construction Inc. and

Datel Engineers LLC's Second Set of Interrogatories, Interrogatory Answer No. 13 (relevant

portions attached as Exhibit 7).

       Request Nos. 1 and 9 seek documents relating to actual or potential investors, and

Request No. 4 asks for documents relating to Kenny Securities' opinions and analyses.  These

three Requests directly address the accuracy of Plaintiffs' allegations and statements.  First, to the

extent the documents show that Plaintiffs <u>were able</u> to secure debt financing, they refute

Plaintiffs' allegations that they <u>were not able</u> to secure debt financing due to some action or

inaction of Defendants.  Second, to the extent the documents identify any underlying reasons

why Plaintiffs were not able to secure debt financing, they may refute allegations that Plaintiffs

could not obtain financing because they did not have a financeable set of drawings.  Third, to the

extent the documents show that Plaintiffs were not able to secure debt financing to move the

project forward, they show that any alleged delay was due to factors other than the actions or

inactions of Defendants.  <u>See</u> First Amended Complaint, ¶ 76 ("As a direct and proximate result

of the defendants' actions described above, Secure is behind in the engineering and construction

schedule of its Decatur plant.").

       Documents relating to the financing of the Secure Energy Project also are relevant

to Plaintiffs' estimated damages.  Plaintiffs' expert estimates Plaintiffs' damages to be between

$18-$24 million based upon his valuation of Plaintiffs' alleged trade secrets.  Deposition of W.

Kennedy ("Kennedy Depo."), p. 58 (relevant portions attached as Exhibit 8).  That estimate is

based on future royalties derived from the alleged trade secrets.  Id. at 170.  However, Defendants' expert opines that the amount of future royalties to be derived from the alleged trade secrets is dependent upon whether Plaintiffs ultimately are able to complete the Secure Energy Project, and Mr. Kennedy's failure to account for this affects the reliability of his conclusions. M. Hoffman Expert Rebuttal Report, pp. 8-10 (relevant portions attached as Exhibit 9).[5]  The documents sought in Request Nos. 1, 4 and 9 contain information relating to Plaintiffs' ability to obtain financing to move the project towards completion.  Any documents that show Plaintiffs have not obtained sufficient financing to complete the project would refute the reliability of Plaintiffs' estimated damages.  Id.

Defendants have a right to discover materials that address the veracity of Plaintiffs' allegations and that are likely to support Defendants' defenses.  Accordingly, the Court should order Kenny Securities to comply with the Subpoena and to produce all documents responsive to Defendants' narrowly-tailored Requests.[6]

---

[5] Dr. Hoffman opines that Plaintiffs' expert, William Kennedy, "does not appreciate SEI's inability to obtain the necessary financing to construct a coal gasification plant. . . . Given the fact that SEI has been unable to obtain financing, the uncertainties and the DOE's reluctance to grant a loan guarantee to SEI, there is a great deal of speculation that SEI's plant would even get off the ground.  Dr. Kennedy's reliance on SEI forecasts overlooks the fact that SEI will not obtain financing and the uncertainty surrounding SEI's ability to construct a coal gasification plant and operate as a going concern."  Hoffman Expert Rebuttal Report, pp. 8-10.  Dr. Hoffman also points out that one important factor that could cause actual results to differ materially from the results and events anticipated or implied by Plaintiffs' financial forecast is that "the plant may never be built."  Id., p. 10.

[6] See, e.g., Plant Genetic Sys., 6 F. Supp. 2d at 862 (order that third party comply with subpoena and produce requested documents); Pointer, 417 F.3d at 822 (recognizing that the district court should have enforced subpoenas that fell within the broad scope of Rule 26) cert. denied, 546 U.S. 1173, 126 S. Ct. 1338 (2006); Bell Atl. Corp. v. AT&T Corp. (In re Bell Communs. Research), No. 5-96CV45, 1997 U.S. Dist. LEXIS 191, at *10-11 (S.D.N.Y. Jan. 10, 1997) (ordering that third party comply with subpoena duces tecum and produce requested documents).

B.    Production of Relevant, Responsive Documents Will Not Cause Undue
        Burden to Kenny Securities

The Court should reject Kenny Securities' objection that production of the

requested documents responsive to Requests Nos. 1, 4 and 9 is unduly burdensome.  "The burden

of proving that a subpoena is oppressive is on the [third party] and is a heavy one."  Plant

Genetic Sys., N.V. v. Northrup King Co., Inc., 6 F. Supp. 2d 859, 862 (E.D. Mo. 1998).  "'Bare

assertions that the discovery requested is overly broad, unduly burdensome, oppressive or

irrelevant are ordinarily insufficient to bar production.'"  Liberty Mut. Fire Ins. Co. v. Centimark

Corp., No. 4:08CV230-DJS, 2009 U.S. Dist. LEXIS 19007, at *2-3 (E.D. Mo. Mar. 4, 2009)

(quoting St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa

2000)).  The party resisting discovery "must show specifically" how the objected-to discovery

request "is not relevant or how each question is overly broad, burdensome or oppressive." Id.

Kenny Securities cannot meet this high burden.

Defendants' Requests for documents to Kenny Securities are narrowly tailored to

two categories of relevant information.  The documents Defendants' seek also consist of Kenny

Securities' analyses and communications regarding the Secure Energy Project and its financing

and development (including work papers and notes) that likely are not obtainable from any other

source.

What is more, the mere availability of documents from another source does not

relieve Kenny Securities of its duty to comply with Defendants' Subpoena.  Covey Oil Co. v.

Cont'l Oil Co., 340 F.2d 993, 998 (10th Cir. 1965) ("The fact that [documents] might be

obtained, at least in part, from others has no pertinence because a person may not avoid a

subpoena by saying that the evidence sought from him is obtainable from another."), cert.

10

denied., 380 U.S. 964, 85 S. Ct. 1110.  Defendants have attempted to obtain relevant, responsive

documents from Plaintiffs by making specific requests for documents relating to Kenny

Securities, but Defendants' efforts have been largely unsuccessful.  Plaintiffs Response to

Defendant Icon Construction, Inc. and Datel Engineering, LLC's First Set of Requests for

Production of Documents, Nos. 4, 21 (attached as Exhibit E to Sanom Decl.).[7]  Moreover, it is

probable that the responsive documents in Kenny Securities' possession are not identical to those

in Plaintiffs' possession.  Kenny Securities, therefore, must produce all documents in its

possession that are responsive to Defendants' Subpoena or confirm that no documents exist.

Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enters., 160

F.R.D. 70, 72 (E.D. Pa. 1995) (concluding that a non-party could not oppose subpoena on

grounds that the documents were readily available from a party to the litigation where the party

---

[7] Specifically, Plaintiffs failed to produce documents relating to Kenny Securities and objected to Defendants'
requests for production regarding the same:

> "4. All writings constituting or relating to communications with any actual or potential investors in
> the Secure Energy Project, including but not limited to all actual or potential investors contacted
> by Secure Energy, ARC Financial Corporation ("ARC"), Kenny Securities Inc., R.W. Beck, Inc.
> ("R.W. Beck"), any broker, and/or anyone acting on behalf of Secure Energy.
>
> **RESPONSE:** Secure objects to this request to the extent it is not directed to Secure
> Energy. Secure further objects to this request because it is overbroad, unduly burdensome,
> irrelevant, and not likely to lead to the discovery of admissible evidence. Secure further objects to
> this request because it seeks the production of confidential, trade secret information. . . .
>
> 21. All writings constituting or relating to communications with Kenny Securities Inc. or any
> financial institution or broker about the Secure Energy Project.
>
> **RESPONSE:** Secure objects to this request to the extent it is not directed to Secure
> Energy. Secure further objects to this request because it is overbroad, unduly burdensome, and
> seeks the production of irrelevant information that will not lead to the discovery of admissible
> evidence.  Secure further objects to this request because it seeks the production of confidential,
> trade secret information."

Plaintiffs Response to Defendant Icon Construction, Inc. and Datel Engineering, LLC's First Set of
Requests for Production of Documents, Nos. 4, 21 (attached as Exhibit E to Sanom Decl.).

subpoenaing the documents unsuccessfully attempted to obtain the documents directly from the opposing party).

        C.        Objections Based on Confidentiality Are Invalid

Any burden Kenny Securities may allege as a result of having to produce confidential information is baseless.  Plaintiffs and Defendants have executed a Joint Protective Order in this case, which was filed with the Court on March 20, 2009 (Clerk's Dkt. No. 104). The Protective Order permits third parties to designate discovery materials as "Confidential" or "Highly Confidential" to prohibit disclosure to unauthorized recipients.  Because a Joint Protective Order is in place, objections based on confidentiality are invalid.  Hartman v. Remington Arms Co., 143 F.R.D. 673, 678 (W.D. Mo. 1992) (granting motion to compel confidential trade secret information because a protective order could adequately safeguard any interest in the confidentiality of the documents).  Accord:  Plant Genetic Sys., N.V. v. Northrup King Co., Inc., 6 F. Supp. 2d 859, 862 (E.D. Mo. 1998) ("[The] claim concerning disclosure of confidential research and development information is undercut by the existence of a Protective Order in the underlying action, to which Monsanto is a signatory.").

III.        CONCLUSION

Given the limited scope of Request Nos. 1, 4 and 9 and the relevance of the proposed discovery in this litigation, any argument that the burden of the discovery outweighs its likely benefit is specious.  Kenny Securities has violated Rule 45 by failing to comply with the Subpoena.  Consequently, Defendants' Motion to Compel should be granted, and Kenny Securities should be ordered to produce all documents responsive to Request Nos. 1, 4 and 9 in compliance with the Subpoena.

Respectfully submitted,


/s/ Thomas R. Kramer
 Charles J. Faruki (Ohio Bar No. 0010417)
Thomas R. Kraemer (Ohio Bar No. 0060120)
Admitted pro hac vice
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402
(937) 227-3705
(937) 227-3717 (fax)
cfaruki@ficlaw.com
tkraemer@ficlaw.com

Attorneys For Defendants Narendra Ramdas
Patel, Jesse Gump and Bryan Handy



Paul G. Hallinan (Ohio Bar No. 0010462)
Jennifer N. Fuller (Ohio Bar No. 0080613)
Admitted pro hac vice
PORTER WRIGHT MORRIS & ARTHUR
LLP
One South Main Street, Suite 1600
Dayton, OH  45402-2028
(937) 449-6740
(937) 449-6820 (fax)
phallinan@porterwright.com

Attorneys for Defendants Coal Synthetics,
LLC, Icon Construction, Inc., and Datel
Engineering, LLC

13

Carl J. Pesce, #22946
Michael J. Morris, #3900
Jacqueline T. Albus, #548596
One US Bank Plaza
St. Louis, Missouri  63101
(314) 552-6000
(314) 552-7000 (fax)
cpesce@thompsoncoburn.com;
mmorris@thompsoncoburn.com;
jalbus@thompsoncoburn.com

Attorneys for Defendants Coal Synthetics,
LLC, Icon Construction, Inc., Datel
Engineering, LLC, Narendra Ramdas Patel,
Jesse Gump and Bryan Handy

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 1st day of December, 2009, I electronically filed the Memorandum in Support of Defendants' Motion to Compel Kenny Securities Corporation with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants.


Robert L. Devereux
Sarah W. Rubenstein
Amanda R. Sher
DEVEREUX MURPHY LLC
190 Carondelet Plaza
Suite 1100
St. Louis, Missouri  63105

Attorneys for Plaintiffs


/s/ Thomas R. Kramer
 Thomas R. Kraemer


360099.1