UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SECURE ENERGY, INC., et al.,          )
                                      )
            Plaintiff(s),             )
                                      )
      vs.                             )        Case No. 4:08CV01719 JCH
                                      )
COAL SYNTHETICS, et al.,              )
                                      )
            Defendant(s).             )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel Kenny Securities Corporation to Comply with Subpoena (Doc. No. 149). This Motion is fully briefed and is ready for disposition.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The burden is on the party resisting discovery to explain why discovery should be limited. Liberty Mut. Fire Ins. Co. v. Centimark Corp., No. 4:08CV230, 2009 U.S. Dist. LEXIS 19007, at *2 (E.D. Mo. Mar. 4, 2009) (citing Rubin v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004)). "Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production." Liberty Mut. Fire Ins. Co., 2009 U.S. Dist. LEXIS 19007, at *2-3 (E.D. Mo. Mar. 4, 2009) (citing St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)).

Kenny Securities Corporation ("KSC") is an investment banking and brokerage business that formerly was owned by Secure's co-founder, Jack Kenny, and is owned by Kenny's wife.

(Memorandum in Support of Defendants' Motion to Compel Kenny Securities Corporation to Comply with Subpoena ("Memorandum in Support"), Doc. No. 150, p. 1). Secured hired KSC to solicit investors for the development of its coal gasification plant in Decatur, Illinois ("Secure Energy Project").

Defendants filed a motion to compel against KSC regarding two categories of documents: (1) communications with actual or potential investors in the Secure Energy Project (Request Nos. 1 and 9),[1] and (2) opinions, reports or reviews relating to the Secure Energy Project that were prepared by or submitted to KSC (Request No. 4). KSC states that it has no documents responsive to the second category of documents (Request No. 4) and the parties agree that the request is moot. (Memorandum in Opposition to Defendants' Motion to Compel Kenny Securities Corporation to Comply with Subpoena ("Response"), Doc. No. 169, p. 1; Defendants' Reply Memorandum in Further Support of Defendants' Motion to Compel Direct to Kenny Securities Corporation ("Reply"), Doc. No. 172, p. 1). Thus, only the first category of documents is at issue (Request Nos. 1 and 9).

KSC asserts that Defendants' Request Nos. 1 and 9 are overbroad and constitute a fishing expedition. (Response, pp. 3-4). KSC complains that Request No. 1 is overbroad because it seeks any and all correspondence to invest in the Secure Energy Project, "whether or not that correspondence solicited an investment in the project, whether or not the 'investor' in question ever in fact received or resopnded to any such correspondence, whether or not the investor ever expressed any interest in the project or had the wherewithal to make such an investment, or, more particularly,

---

[1]Request No. 1 requests "[a]ll writings constituting or relating to any and all correspondence between Kenny Securities and any investor or potential investor regarding the Secure Energy Project."

Request No. 9 requests "[a]ll writings constituting or relating to any individual or entity who expressed an interest in providing equity investment in the Secure Energy Project, including but not limited to letters of interest, term sheets and any writings regarding or relating to any individual's or entity's withdrawal of interest."

whether the correspondence related in any way to the debt financing that Defendants claim is relevant here." (Response, p. 3) (emphasis omitted). Secure suggests that Request No. 9 is improper because it requires KSC to produce all documents that relate to each of the described investors, "whether or not those documents have anything to do with the Secure Energy Project." (Response, p. 3). Secure asserts that it has provided all of its communications with investors and potential investors in the Secure Energy Project whose interest was such that they received a term sheet regarding the project. (Response, p. 4). KSC asserts that it is required to do no more. (Id.)

In response to Request No. 1, Defendants note that they have narrowed the request to only "substantive communications" with potential investors relating to the Secure Energy Project, *i.e.*, no initial solicitation letters. (Reply, pp. 2-3). In response to Request No. 9, Secure's argument seems to be spurious because the language of that request clearly is limited to investment in the Secure Energy Project. For both requests, KSC has not specifically identified why production of the writings is overbroad and unduly burdensome. See St. Paul Reinsurance Co., 198 F.R.D. at 512 (the party opposing discovery must show specifically how each request is not relevant or how each question is overly broad, burdensome or oppressive). KSC has not identified the number of documents at issue, detailed the time and expense of production or provided any quantified basis for claiming the document production would be unduly burdensome. Defendants have identified a stated purpose for the production of identifying "why potential investors who engaged in a substantive analysis of the project withdrew from the project." (Reply, p. 4). The Court, therefore, finds the requests to be proper.

Accordingly, the Court finds that Defendants have adequately stated a basis for the requested production and that KSC has failed to demonstrate why such production would be unduly

burdensome. The Court orders KSC to produce substantive communications responsive to Request Nos. 1 and 9.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Kenny Securities Corporation to Comply with Subpoena (Doc. No. 149) is **GRANTED**.

**IT IS FURTHER ORDERED** that KSC shall produce responsive documents within ten (10) days of the date of this order.

Dated this <u>7th</u> day of January, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE