UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SECURE ENERGY, INC., et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1719 JCH |
| | ) | |
| COAL SYNTHETICS, LLC, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment on Counts I, II, III, IV, V, VII, VIII, IX, XI and XII (Doc. No. 188). This matter has been fully briefed and is ready for disposition.

## BACKGROUND

Jack Kenny and Lars Scott founded Plaintiff Secure Energy in 2006 to develop a plant for coal gasification, the process of converting coal to other fuels or products. (First Amended Complaint ("Compl."), Doc. No. 73, ¶¶15, 16; Defendants' Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment on Counts I, II, III, IV, V, VII, VIII, IX, XI, and XII ("DSUMF"), Doc. No. 190, ¶4). Secure Energy and Secure Energy Decatur, LLC are Delaware Corporations with their principal places of business in Missouri. (Compl., ¶¶ 1, 2). Secure Energy's business focused on the development of coal conversion technologies. (Compl., ¶1). Plaintiff Secure Energy Decatur, LLC is wholly owned by Secure Energy and was formed to run Secure Energy's Decatur, Illinois coal gasification facility. (Compl., ¶2).[1]

---

[1]Throughout this Motion, the Court often refers to Plaintiffs collectively as "Secure".

On June 15, 2006, Plaintiffs and Icon entered into "Proposed Non-Binding Letter of Intent" (the "Contract"). (Compl., ¶19; DSUMF, ¶35). Defendants Icon and Datel are Ohio corporations, with their principal places of business in Ohio, that provide engineering services to industrial clients. (Compl., ¶¶4-5).[2] Narendra Patel, a registered professional engineer, is a principal of Icon and Datel. (Compl., ¶6).

The Contract included four phases. In Phase I, Icon and Datel agreed to provide design engineering services for Secure's Decatur plant. (Compl., ¶19). In Phase II, Icon and Datel were to provide engineering plans and drawings. (Compl., ¶20). In Phase III, Icon and Datel were to perform construction coordination services and, in Phase IV, Icon and Datel were to perform engineering and management services for the start-up of the plant. (Id.) Plaintiffs allege that Defendants used Secure's trade secret information to develop a competing coal gasification business, Coal Synthetics. (Compl., ¶61). Based upon Defendants' relationship with Coal Synthetics, Plaintiffs terminated their relationship with Icon, Datel, Jesse Gump (an employee of Icon and Datel), and Narendra Patel. (Compl., ¶61).

Defendant Coal Synthetics, a start-up coal gasification business, is a Kentucky limited liability corporation with its principal place of business in Ohio. (Compl., ¶3). Coal Synthetics is a 50% partnership between Energy Concepts Investments and Kentucky Coal Synthetics. (DSUMF, ¶21). Dr. Matthew Patel is the only member of Energy Concepts Investments and Stuart Rose is the only owner of Kentucky Coal Synthetics. (DSUMF, ¶¶22, 23).[3] Coal Synthetics was formed in December 2007 to implement a plan to construct a plant that would use coal gasification technology for

---

[2]Icon also provides construction services to industrial clients. (Compl., ¶4).

[3]Plaintiffs also alleged claims against Stuart A. Rose and Matthew Naren Patel, but this Court dismissed those claims for lack of jurisdiction. (Doc. No. 112). Accordingly, the Court does not address those allegations in this Order.

producing urea. (DSUMF, ¶20). Jesse Gump, an Ohio resident, was employed by Icon and Datel and may have an ownership interest in Coal Synthetics. (Compl., ¶7; DSUMF, ¶¶17, 18). Bryan Handy, a resident of Kentucky, performed work as an independent contractor for Secure and worked with Icon on behalf of Coal Synthetics. (Compl., ¶10; DSUMF, ¶¶27, 28).

Plaintiffs filed a First Amended Complaint ("Complaint" or "Compl.") alleging eleven causes of action for Breach of Contract against Icon (Count I); Breach of Fiduciary Duty against Narendra Patel, Icon, Datel, Gump and Handy (Count II); Fraud against Narendra Patel, Icon, Datel, Gump and Handy (Count III); Negligent Misrepresentation against Narendra Patel, Icon Datel, Gump, Handy (Count IV); Tortious Interference with Contract against Narendra Patel, Gump, Handy, and Coal Synthetics (Count V); Misappropriation of Trade Secrets, Mo.Rev.Stat. §417.450 et seq. against all Defendants (Count VI); Unfair Competition against all Defendants (Count VII); Civil Conspiracy against all Defendants (Count VIII); Violation of the Missouri Uniform Securities Act, Mo.Rev.Stat. §409.1-102 et seq. against Narendra Patel, Icon and Datel (Count IX); Violation of Racketeer, Influence and Corrupt Organizations Act, 18 U.S.C. §1964 against all Defendants (Count X); Injunctive Relief against all Defendants (Count XI); and Constructive Trust against all Defendants (Count XII).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude

summary judgment.  Id.  Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323.  Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute."  Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248.  The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258.  "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits."  Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) (citing Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor.  Celotex Corp., 477 U.S. at 331, n.2.  The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.

## DISCUSSION

### I.    COUNTS II, III, IV, V, VII, VIII, IX

The Court addresses these counts in its Order regarding Defendants' Motion for Summary Judgment Based Upon Preemption (Doc. No. 182).

### II.    COUNT I

Plaintiffs have limited their claim in Count I for Breach of Contract to breach of the Stockholder's [sic] Agreement, executed on or about June 1, 2007, and the Confidentiality Agreement, executed on or about October 31, 2007.  (Memorandum in Opposition to Defendants' Motion for Summary Judgment on Counts I, II, III, IV, V, VII, VIII, IX, XI, and XII ("Response"),

Doc. No. 215, p. 21). Defendants assert that Plaintiffs' claims for breach of the Stockholders Agreement and the Confidentiality Agreement fail for the reasons stated in their Motion for Summary Judgment on Claims for Violation of the Missouri Trade Secrets Act (Count VI) and for Breach of Contract (Count I) (Doc. No. 191). (Defendants' Reply Memorandum in Support of Motion for Summary Judgment on Counts I, II, III, IV, V, VII, VIII, IX, XI, XII ("Reply"), Doc. No. 230, p. 14). This Court addresses those arguments in its Order on the Motion for Summary Judgment on Claims for Violation of the Missouri Trade Secrets Act (Count VI) and for Breach of Contract (Count I) (Doc. No. 191). For the reasons stated therein, Defendants' Motion for Summary Judgment on Count I is denied.

## II. COUNT XI (Injunctive Relief) and Count XII (Constructive Trust)

In Counts XI and XII, Plaintiffs attempt to state claims for injunctive relief and constructive trust. Plaintiffs argue that injunctive relief (such as preliminary or permanent injunction) is an appropriate remedy in this case. (Response, p. 20). Plaintiffs also assert that federal courts recognize constructive trust as an independent cause of action. (Id.)

Injunctive relief and constructive trust, however, are remedies, not independent causes of action. Plaintiffs cannot state a separate claim on these bases. See Alliance Communs. Coop., Inc. v. Global Crossing Telcoms., Inc., 663 F. Supp. 2d 807, 839-40, n.19 (D. S.D. 2009) ("A constructive trust, however, is a remedy for a meritorious claim of unjust enrichment, not a separate [substantive] cause of action."); Plan Pros, Inc. v. Zych, No. 8:08CV125, 2009 U.S. Dist. LEXIS 28780, at *7 (D. Neb. Mar. 31, 2009) (dismissing injunction claim against defendants because "no independent cause of action for injunction exists"); Motley v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (dismissing claim for injunction because it was "merely" a remedy, not a separate cause of action); Minn. Indus. Ventures, L.L.C. v. City of Roseville, No. 05-2488,

2006 U.S. Dist. LEXIS 13421, at *15, n. 4 (D. Minn. Mar. 24, 2006) ("an injunction is a remedy, not a cause of action"); Neher v. eBanker USA.com, Inc., No. 04-0711, 2005 U.S. Dist. LEXIS 33471, at *18 (W.D. Mo. Apr. 1, 2005) ("'constructive trust' is not a cause of action, but rather a remedy"); Fletcher v. Conoco Pipe Line Co., 129 F. Supp. 2d 1255, 1264 (W.D. Mo. 2001)("The Court agrees that there is no 'injunctive' cause of action under Missouri or federal law. Instead, Plaintiffs must allege some wrongful conduct on the part of Defendant for which their requested injunction is an appropriate remedy."). Plaintiffs may seek injunctive relief or a constructive trust as part of their prayer for relief in another claim, but these remedies cannot stand as separate causes of action. Accordingly, the Court grants summary judgment to Defendants on Counts XI and XII.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 188) is **GRANTED** with respect to Counts XI and XII.

An appropriate Judgment will accompany this Memorandum and Order.


Dated this 27th  day of April, 2010.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE