UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SECURE ENERGY, INC., et al.,          )
                                      )
        Plaintiff(s),                 )
                                      )
    vs.                               )          Case No. 4:08CV1719 JCH
                                      )
COAL SYNTHETICS, LLC, et al.,         )
                                      )
        Defendant(s).                 )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment on Count

X (RICO). (Doc. No. 194). This matter has been fully briefed and is ready for disposition.[1]

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive

law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude

summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion.

Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party

must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact,

---

[1]The Court refers the reader to the background for this case in its Order on Defendants'
Motion for Summary Judgment on Counts I, II, III, IV, V, VII, VIII, IX, XI and XII (Doc. No. 188).

not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); <u>Anderson</u>, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. <u>Anderson</u>, 477 U.S. at 258. "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." <u>Conolly v. Clark</u>, 457 F.3d 872, 876 (8th Cir. 2006) (citing <u>Davidson & Assocs. v. Jung</u>, 422 F.3d 630, 638 (8th Cir. 2005)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. <u>Celotex Corp.</u>, 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 249.

## <u>DISCUSSION</u>

## I. RICO

"Enacted to strengthen criminal and civil remedies against organized crime, RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of' its substantive prohibitions." <u>Dahlgren v. First Nat'l Bank</u>, 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). "The court must keep in mind that Congress enacted RICO because of its concern with long-term criminal behavior." <u>Larry Good & Assocs. v. Williams & Co. Consulting</u>, No. 8:06CV280, 2006 U.S. Dist. LEXIS 82268, at *4 (D. Neb. Nov. 9, 2006) (citing <u>Gamboa v. Velez</u>, 457 F.3d 703, 709 (7th Cir. 2006)).

The elements of a RICO claim under § 1962(c) are: (1) conduct (2) of an enterprise (3) through (4) a pattern of racketeering activity. <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985); <u>Dahlgren v. First Nat'l Bank</u>, 533 F.3d 681, 689 (8th Cir. 2008); <u>Kilper v. City of Arnold</u>, No. 4:08cv0267, 2009 U.S. Dist. LEXIS 63471, at *65 (E.D. Mo. July 23, 2009) (quoting <u>United HealthCare Corp. v. American Trade Ins. Co.</u>, 88 F.3d 563, 570 (8th

Cir. 1996)). "To constitute racketeering activity under RICO, the predicate acts must be related and must "amount to or pose a threat of continued criminal activity.'" <u>Dahlgren</u>, 533 F.3d at 689 (quoting <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989)). The requirements of a civil RICO claim must be established as to each individual defendant. <u>Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.</u>, 528 F.3d 1001, 1027 (8th Cir. 2008). "If one element of a RICO claim is not established, the Court need not address the other elements." <u>Kilper</u>, 2009 U.S. Dist. LEXIS 63471, at *65 (citations omitted).

### A.     Pattern of Racketeering Activity

"Racketeering activity" is defined in RICO to mean "any act or threat involving" specified state-law crimes, any "act" indictable under various specified federal statutes, and certain federal "offenses," 18 U.S.C. § 1961(1). "[I]n order to prove a 'pattern of racketeering activity', a plaintiff must show both 'relationship' and 'continuity'--that the racketeering predicates are related and that they either constitute or threaten long-term criminal activity." <u>Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.</u>, 986 F.2d 1208, 1215 (8th Cir. 1993) (citing <u>H.J., Inc.</u>, 492 U.S. at 237-39).

"The determination of a pattern of racketeering activity is a factual determination." <u>Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank</u>, 934 F.2d 976, 980 (8th Cir. 1991) (citing <u>H.J. Inc.</u>, 492 U.S. at 242). "Repetitive fraudulent conduct by one set of perpetrators against a single victim, narrowly directed toward a single fraudulent goal ... is a 'garden variety fraud' rather than a 'pattern' with the species of continuity required for RICO liability." <u>Ab Mauri Food, Inc. v. Harold</u>, No. 4:07CV811, 2008 U.S. Dist. LEXIS 24559, at *10 (E.D. Mo. Mar. 27, 2008). Although the Court acknowledges that a single scheme can constitute a RICO claim, the "single scheme must still meet the requirements of relatedness and continuity." <u>Terry A. Lambert Plumbing, Inc.</u>, 934 F.2d at 981; <u>Larry Good & Assocs.</u>, 2006 U.S. Dist. LEXIS 82268, at *4 ("The Company must allege a pattern

of racketeering activity to show continuing activities and distinct schemes in excess of a single injury, which is more than garden variety fraud.").

The Court concludes that Plaintiffs have not provided factual support for their allegations as to the material element of a "pattern" of racketeering activity. <u>Larry Good & Assocs.</u>, 2006 U.S. Dist. LEXIS 82268, *7-8 (dismissing RICO claim where th case involved, at most, "a plan to defraud a single company in connection with a single contract."). This case involves only one set of perpetrators, one victim and one fraudulent goal. (Reply, pp. 8-9). The alleged predicate acts are Defendants' alleged mail and wire fraud to bill and accept payment from Plaintiffs for actions performed by Defendants. (Response, p. 8). Plaintiffs state that Coal Synthetics carried out the scheme by distributing Plaintiffs' confidential information to investors through the mail and wires. (Response, p. 9).[2] The pattern of racketeering alleged, however, is insufficient. Coal Synthetics is no longer a functioning entity, Handy does not work with any Defendant, Gump is no longer employed by Datel and Datel has no employees. (Reply, pp. 3-4). The alleged scheme lasted for, at most, twenty-two (22) months. (Response, p. 10; Reply, p. 4).[3] Viewing the evidence in the light most favorable to Plaintiffs, this case involves, at most, a terminated plan to defraud a single company in connection with a business venture. Plaintiffs' Complaint does not allege that Defendants acted

---

[2]Plaintiffs claim that "Jesse Gump carried out the scheme by converting Secure's confidential financial model and presentation materials to fit Coal Synthetics['s] needs, and then transferring those materials to Coal Synthetics" and that "Bryan Handy copied Secure's air permit." (Response, p. 9). It is unclear how these claims constitute a predicate act under RICO, 18 U.S.C. §1961(1).

[3]The Second Circuit has noted that "it will be rare that conduct persisting for a shorter period of time [than 2 years] establishes closed-ended continuity," particularly where the activities alleged "involved only a handful of participants" and did not involve a "complex, multi-faceted conspiracy." <u>Spool v. World Child Int'l Adoption Agency</u>, 520 F.3d 178, 184 (2d Cir. 2008) (citing <u>GICC Capital Corp. v. Technology Fin. Group</u>, 67 F.3d 463, 468 (2d Cir. 1995)); <u>Cofacredit, S.A. v. Windsor Plumbing Supply Co.</u>, 187 F.3d 229, 242 (2d Cir. 1999) (the second circuit has "never held a period of less than two years to constitute a 'substantial period of time'" for closed-ended continuity under RICO).

in regard to any other victims, nor does it allege a threat of continued fraudulent activity. A single transaction which involves only one victim and takes place over a short period of time does not constitute the pattern of racketeering required for long-term criminal activity under a RICO claim. Terry A. Lambert Plumbing, Inc., 934 F.2d at 981. If proven, Defendants' actions, at worst, would comprise one scheme to misappropriate trade secrets from Plaintiffs for the benefit of Coal Synthetics. See Deviries v. Prudential-Bache Secur., Inc., 805 F.2d 326, 329 (8th Cir. 1986) (defendant's scheme to generate excessive sales commissions were insufficient to establish a pattern under RICO). The Eighth Circuit has reasoned that "'it places a real strain on the language [of RICO] to speak of a single fraudulent effort, implemented by several fraudulent acts, as a pattern of racketeering activity.'" Associated Petroleum Producers, Inc. v. Treco 3 Rivers Energy Corp., 692 F. Supp. 1070, 1072 (E.D. Mo. 1988) (quoting Superior Oil Co. v. Fulmer, 785 F.2d 252, 257 (8th Cir. 1986)). Although Plaintiffs have alleged that defendants engaged in multiple fraudulent acts, these acts constitute "subdivisions of a single scheme" to misappropriate Plaintiffs' trade secrets. Id. Viewing the facts in the light most favorable to Plaintiffs, Plaintiffs have failed to establish a claim for RICO as a matter of law because Plaintiffs have failed to establish a pattern of racketeering activity.

**B.  Enterprise**

"To prevail on a RICO claim, the plaintiffs must be able to prove both the existence of an enterprise and a pattern of racketeering activity within the enterprise." McDonough v. National Home Ins. Co., 108 F.3d 174, 177 (8th Cir. 1997) (citing Atlas Pile Driving Co. v. DiCon Financial Co., 886 F.2d 986, 993-96 (8th Cir. 1989)). An association-in-fact enterprise can be proven by showing 1) that the associated persons formed an ongoing organization, formal or informal; 2) that they functioned as a continuing unit; and 3) that the organization was separate from the pattern of

racketeering activity in which it engaged. <u>Stephens, Inc.</u>, 962 F.2d at 815; <u>VanDenBroeck v. CommonPoint Mortg. Co.</u>, 210 F.3d 696, 699 (6th Cir. 2000). An enterprise must have "an ascertainable structure distinct from that inherent in a pattern of racketeering." <u>McDonough</u>, 108 F.3d at 177 (quoting <u>Stephens, Inc. v. Geldermann, Inc.</u>, 962 F.2d 808, 815 (8th Cir. 1992)); <u>U.S. v. Kehoe</u>, 310 F.3d 579, 586 (8th Cir. 2002) (citing <u>Diamonds Plus, Inc. v. Kolber</u>, 960 F.2d 765, 769-70 (8th Cir. 1992)). To have a distinct structure, the enterprise must engage in common activities beyond the "minimal association necessary to sustain a pattern of racketeering." <u>McDonough</u>, 108 F.3d at 177. "That each member of a group carries on activities distinct from the pattern of racketeering is insufficient; the group as a whole must have a common link other than the racketeering activity." <u>Id.</u>

Here, Plaintiffs have alleged that "Defendants Icon, Datel, Narendra Patel, Jesse Gump and Bryan Handy defrauded Secure by forming an enterprise to engage in a pattern of racketeering activity in order to advance the development of Coal Synthetics." (Compl., ¶173). Plaintiffs allege that "Matthew Patel, Rose and Coal Synthetics also joined this enterprise and engaged in racketeering activity in order to further this conspiracy to defraud Secure[.]" (Comp., ¶174). In these statements, "the plaintiffs conceded that the only activities of the alleged enterprise were those of the racketeering scheme." <u>McDonough</u>, 108 F.3d at 177. Thus, the "enterprise" alleged is not separate and distinct from the alleged racketeering activity. Rather, Plaintiffs allege that the predicate acts were performed to advance the scheme. Plaintiffs' RICO claim fails because, according to Plaintiffs' allegations, the enterprise had no purpose other than carrying out the alleged acts of racketeering.

In their Response, Plaintiffs belatedly claim that the "Defendants formed an enterprise for the common purpose of developing a coal gasification plant in Kentucky." (Response, p. 5; <u>see also</u>

Response, p. 6 ("the enterprise was formed to design and construct a coal gasification plant")).[4]

Plaintiffs allege that the Defendants have a "common link" other than the racketeering plan in that they were working together to form a coal gasification plant in Kentucky. (Response, p. 7). This explanation contradicts Plaintiffs' allegations in their Complaint; Plaintiffs cannot amend their Complaint through their brief. Absent the predicate acts of mail and wire fraud, Plaintiffs have not alleged an association-in-fact enterprise with any form or structure. Accordingly, Plaintiffs' RICO claim fails as a matter of law because they have not alleged an enterprise, other than the alleged racketeering activity. McDonough, 108 F.3d at 177 (granting defendants' motion for summary judgment because there was no ascertainable structure distinct from that inherent in a pattern of racketeering); Stephens, Inc., 962 F.2d 815 (affirming summary judgment where plaintiff failed to allege an enterprise distinct from the alleged pattern of racketeering activity).

Moreover, even if the Court were to find that Defendants' "common link" of forming a coal gasification plant in Kentucky was sufficient, the Court finds that the Defendants were engaged in an ordinary business relationship, not a RICO enterprise. Several of the members of the "organization" were involved for only brief periods of time. For example, Handy only prepared Coal Synthetic's air permit application. (Defendants' Statement of Undisputed Facts in Support of Their Motion for Summary Judgment on Count X (RICO), Doc. No. 196, ¶¶ 24, 40-41). Likewise, Gump was an employee of Icon and Datel, who assisted Secure in its site location and plan developments. (Doc. No. 224, ¶ 30; Compl., ¶¶ 31-32). Gump and Handy appear to have no involvement in the organization other than their circumscribed roles. Plaintiffs failed to allege sufficient facts to demonstrate that all of the Defendants, particularly Handy and Gump, had a "'common purpose of engaging in a course of conduct.'" Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc., 528 F.3d

---

[4]As noted by Defendants, Plaintiffs attempt to amend their pleadings through their opposition brief. (Reply, p. 7).

1001, 1027 (8th Cir. 2008) (quoting <u>United States v. Turkette</u>, 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981)). "'[D]ivergent goals' among members of a purported association-in-fact enterprise is a 'fatal problem' to a RICO claim." <u>Craig Outdoor Adver., Inc.</u>, 528 F.3d at 1027 (quoting <u>Baker v. IBP, Inc.</u>, 357 F.3d 685, 691 (7th Cir. 2004)). Thus, the Court finds that the parties were, at most, engaged in a business relationship. There is no evidence of an overarching racketeering enterprise by the parties. Plaintiffs' RICO claim fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Count X (RICO)(Doc. No. 194) is **GRANTED**.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 27th day of April, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE