UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURE ENERGY, INC., et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV1719 JCH |
| ) | |
| COAL SYNTHETICS, LLC, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment on Counts II, III, IV, V, VII, VIII, IX, XI and XII Based on Preemption. (Doc. No. 182). This matter has been fully briefed and is ready for disposition.[1]

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party

---

[1] The Court refers the reader to the background for this case in its Order on Defendants' Motion for Summary Judgment on Counts I, II, III, IV, V, VII, VIII, IX, XI and XII (Doc. No. 188).

must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258. "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) (citing Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

## DISCUSSION

**I.  PREEMPTION**

Defendants argue that Plaintiffs' claims for breach of fiduciary duty (Count II), fraud (Count III), negligent misrepresentation (Count IV), tortious interference (Count V), unfair competition (Count VII), civil conspiracy (Count VIII), violation of the Missouri Securities Act (Count IX), injunctive relief (Count XI) and constructive trust (Count XII) should be dismissed because they are preempted by the Missouri Uniform Trade Secrets Act (Mo. Rev. Stat. § 417.463) ("MUTSA"). The MUTSA "displace[s] conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret." Mo. Rev. Stat. § 417.463.1.[2] "Thus, by virtue of

---

[2] MUTSA, however, does not preempt contractual remedies or other civil remedies, which are not based upon misappropriation of a trade secret. § 417.463.2, R.S.Mo.

Defendants' Motion alleges that Plaintiffs' claims for injunctive relief (Count XI) and constructive trust (Count XII) are preempted. This Court does not believe that those two counts constitute independent claims and, therefore, addresses those counts in its Order regarding Defendants' summary judgment motion on those substantive claims. (Doc. No. 188; see also Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment on Counts II,

the statute, civil claim[s] that are derivative of a claim of misappropriation of trade secrets are preempted. A claim that is based on facts related to the misappropriation claim is deemed derivative and, thus, preempted." Bancorp Services, LLC v. Hartford Life Ins. Co., No. 4:00cv70, 2002 U.S. Dist. LEXIS 26267, at *12-13 (E.D.Mo. Feb. 25, 2002) (citing Auto Channel. Inc. v. Speedvision Network. LLC, 144 F. Supp. 2d 784, 789-90 (W.D. Ky. 2001)[3]; Coulter Corporation v. Leinert, 869 F. Supp. 732, 734 (E.D. Mo. 1994)). The MUTSA precludes a plaintiff "from merely restating [its] trade secret claims as separate tort claims." Weins v. Sporleder, 605 N.W.2d 488, 491 (S.D. 2000)[4]. To determine whether a claim is preempted by the MUTSA, the court must look beyond the label of the claims to "the facts being asserted in support of the claims." Id. at 491-92 (citing Leucadia, Inc. v. Applied Extrusion Technologies, 755 F. Supp. 635 (D.Del 1991)).

In their MUTSA claim, Plaintiffs allege that Secure's coal gasification technology plan constitutes a protectable trade secret under the MUTSA. (First Amended Complaint ("Compl."), Doc. No. 73, ¶ 141). The facts to support this misappropriation claim include the following: Secure acquired the trade secret information through a "painstaking, several-year international investigative process" (Compl., ¶ 141(a)); the information was known only to a select number of companies and held significant economic value to anyone starting a coal gasification plant (Compl., ¶ 141(b),(c)); Secure protected its confidential information by requiring confidentiality agreements (Compl., ¶ 141(d)); and Coal Synthetics solicited "investors with a projected project timeline that would be

---

III, IV, V, VII, VIII, IX, XI, and XII Based on Preemption ("Response"), Doc. No. 216, pp. 14-15 (noting that Plaintiffs' claims for injunctive relief and constructive trust are remedies, not causes of action)).

[3]The preemption provision of the Kentucky unfair trade practices act, Ky. Rev. Stat. § 365.892, is virtually identical to the MUTSA.

[4]The preemption provision of the South Dakota unfair trade practices act, S.D. Codified Laws §37-29-7, is virtually identical to the MUTSA.

impossible for any new coal gasification company to meet without the advantage of Secure's trade secret information" (Compl., ¶ 141(e)). Secure further alleges that Defendants violated the MUTSA when Narendra Patel, Icon, Datel, Jesse Gump and Brian Handy disclosed Secure's trade secret information to Stuart Rose, Matthew Patel and Coal Synthetics in contravention of their confidentiality agreements. (Compl., ¶¶ 142-43).

In their Motion for Summary Judgment, Defendants assert that Plaintiffs' common law claims and their Missouri Securities Act claim are preempted because they are based upon the alleged misappropriation of Plaintiffs' trade secrets and other confidential information. (Memorandum in Support of Defendants' Motion for Summary Judgment on Counts II, III, IV, V, VII, VIII, IX, XI and XII based on Preemption ("Memorandum in Support"), Doc. No. 184, pp. 2-3; Defendants' Reply Memorandum in Support of their Motion for Summary Judgment on Counts II, III, IV, V, VII, IX, XI and XII based on Preemption ("Reply"), Doc. No. 226, p. 3). Plaintiffs, however, state that their common law and statutory tort claims are not preempted because those counts "involve facts separate and independent from Secure's claims against Defendants for misappropriation of trade secrets." (Response, p. 4). Plaintiffs also claim that "if a claim is based upon or requires proof of additional or independent facts than a misappropriation claim, preemption does not lie." (Response, p. 5 (citing Lasco Foods, Inc. v. Hall & Shaw Sales, Mktg., & Consulting, LLC, No. 4:08CV01683, 2009 U.S. Dist. LEXIS 99535, *18 (E.D. Mo. Oct. 26, 2009); Coulter Corp. v. Leinert et al., 869 F.Supp. 732, 734 (E.D. Mo. 1994); Micro Display Sys. v. Axtel Inc., 699 F.Supp. 202, 205 (D. Minn. 1988)).[5] Plaintiffs, however, misstate the law and the holdings of these cases. Under these and

---

[5]Coulter Corp., 869 F. Supp. at 734 ("the issue becomes whether allegations of trade secret misappropriation alone comprise the underlying wrong; if so, the cause of action is barred by [Fla. Stat.] § 688.008 ") (interpreting Florida law). Both the Coulter Corp. and the Micro Display Systems, Inc. courts noted that the courts had not made a definitive interpretation of these preemption sections at the time of their decisions. Coulter Corp., 869 F. Supp. at 734 ("this Court notes the absence of Florida jurisprudence on the scope and applicability of § 688.008 "); Micro

- 4 -

other cases, claims that are based upon the same set of operative facts as a MUTSA claim will be preempted. See Thermodyn Corp. v. 3M Co., 593 F. Supp. 2d 972, 990 (N.D. Ohio 2008) (quoting Glasstech, Inc. v. TGL Tembering Sys., Inc., 50 F. Supp. 2d 722, 730 (N.D. Ohio 1999)) ("The crucial question is whether 'the claims are no more than a restatement of the same operative facts' that formed the basis of the plaintiff's statutory claim for trade secret appropriation.")[6]; Thomas & Betts Corp. v. Panduit Corp., 108 F. Supp. 2d 968, 971 (N.D. Ill. 2000)("**facts** constituting a misappropriation of trade secrets give rise to liability under the [Illinois Trade Secret Act], but not under any other state law theory")(emphasis added).[7]

Preemption, however, is not avoided simply because a claim requires different elements of proof than a MUTSA claim. As stated by Defendants, "[i]t is irrelevant whether the same legal elements are required for each claim or whether identical facts are used to prove each element of Plaintiffs' claims. In fact, Plaintiffs' argument directly conflicts with established law and, if followed, would result in non-contractual claims never being preempted." (Reply, pp. 1-2); see On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH, 386 F.3d 1133, 1146 (Fed. Cir. 2004) (whether fraud claim was preempted by Connecticut's uniform trade secret act depended upon whether **facts** of plaintiff's fraud claim differed from those that supported its misappropriation claim).

### A.   Breach of Fiduciary Duty

---

Display Systems, Inc., 699 F. Supp. at 204 ("a definitive interpretation of this section has yet to be given by a Minnesota appellate court, let alone the Supreme Court").

[6]The preemption provision of the Ohio unfair trade practices act, Ohio Rev. Code §1333.67, is virtually identical to the MUTSA.

[7]The preemption provision of the Illinois unfair trade practices act, §765 ILCS 1065/8, is virtually identical to the MUTSA.

In their breach of fiduciary duty claim, Plaintiffs allege that Narendra Patel, Icon, Datel, Gump and Handy misappropriated confidential information from Secure and provided that information to Coal Synthetics, Matthew Patel and Rose. (Compl., ¶ 94). Plaintiffs allege that defendants Narendra Patel, Icon, Datel, Gump and Handy disclosed Secure's confidential information in violation of various confidentiality agreements and statutory obligations. (Compl., ¶¶ 90-93). Plaintiffs also allege that "Icon fraudulently billed and accepted payment from Secure for work Icon performed for Coal Synthetics, a direct competitor of Secure." (Compl., ¶ 97).

Plaintiffs' breach of fiduciary duty claim alleges that Defendants misappropriated, disclosed and used confidential information for the benefit of Coal Synthetics. These claims are based upon the same facts that form the basis the basis of Plaintiffs' MUTSA claim. These factual allegations are preempted by the MUTSA and thus, require the entry of summary judgment in favor of Defendants on Count II. See Lipari v. US Bancorp NA, No. 07-2146, 2008 U.S. Dist. LEXIS 79754, at *18-19 (D. Kan. Sept. 4, 2008) (claim that defendants breached a fiduciary duty because they disseminated plaintiff's alleged trade secrets was preempted by MUTSA)[8]; Thomas & Betts Corp., 108 F. Supp. 2d at 972 (where the actions plaintiff complained of in its breach of fiduciary duty claim simply constituted allegations of a misappropriation of trade secrets, the breach of fiduciary duty claim was preempted by Illinois Trade Secret Act). Accordingly, Plaintiffs' breach of fiduciary duty claim is preempted by the MUTSA.

### B.  Fraud, Negligent Misrepresentation and Missouri Uniform Securities Act

In their claim for fraud, Plaintiffs allege that Defendants Icon, Datel, Narendra Patel, Gump and Handy falsely represented to Secure that they would not reveal Secure's confidential, proprietary information, but that they disclosed this information to Coal Synthetics. (Compl., ¶ 102). In their

---

[8] The preemption provision of the Kansas unfair trade practices act, Kan. Stat. Ann. § 60-3326, is virtually identical to the MUTSA.

negligent misrepresentation claim, Plaintiffs allege that Defendants Icon, Datel, Narendra Patel, Gump and Handy falsely represented that they were devoting their full time to the Secure project and that they would not reveal Secure's confidential information to a third party. (Compl., ¶¶ 116-17). Secure alleged that Defendants Icon, Datel, Narendra Patel, Gump and Handy had a duty to, but failed to, disclose that they were providing Secure's confidential and proprietary information to Coal Synthetics. (Compl., ¶¶ 103-04, 119-22). Plaintiffs also allege that "Icon fraudulently billed and accepted payment from Secure for services rendered by Icon to Coal Synthetics." (Compl., ¶¶ 108, 123). Further, in response to Defendants' interrogatory regarding Plaintiffs' factual bases for its fraud and misrepresentation claims, Plaintiffs relied entirely upon Defendants' misappropriation of Secure's trade secrets. (Interrogatory No. 12, Doc. No. 183-4, p. 12).

All of these allegations amount to a claim that defendants misrepresented, concealed, and lied about the taking and use of Plaintiffs' confidential information. "As such, these allegations merely restate [Plaintiffs'] claim for misappropriation of trade secrets" under the MUTSA. Thomas & Betts Corp., 108 F. Supp. 2d at 974. Accordingly, Plaintiffs' claims in Count III and IV are preempted by the MUTSA. See On-Line Techs., Inc., 386 F.3d at 1146 (fraud claim preempted under Connecticut Uniform Trade Secrets Act).

With respect to the Missouri Uniform Securities Act ("MUSA") claim, Plaintiffs purport to allege a claim pursuant to Mo. Rev. Stat. § 409.5-509(c). Section 409.5-509(c) provides, in pertinent part: "A person is liable to the seller if the person buys a security by means of an untrue statement of a material fact or omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which it is made, not misleading, the seller not knowing of the untruth or omission, and the purchaser not sustaining the burden of proof that the purchaser did not know, and in the exercise of reasonable care, could not have known of the untruth or omission."

In their MUSA claim, Plaintiffs allege that Icon, Datel and Narendra Patel falsely represented that they would work exclusively for Plaintiffs and utilized Secure's confidential information for the benefit of Coal Synthetics. (Compl., ¶¶ 162-65). Plaintiffs allege that "Icon fraudulently billed and accepted payment from Secure for services rendered by Icon to Coal Synthetics." (Compl., ¶ 166). Plaintiffs further allege that Icon, Datel and Narendra Patel made representations to induce Secure to provide them shares of Secure Energy stock, in violation of the Missouri Uniform Securities Act. (Compl., ¶¶ 168-69). Plaintiffs admit that their MUSA claim is "very similar to a claim for common law fraud, just one involving securities." (Response, p. 14). Accordingly, for the reasons stated regarding Plaintiffs' fraud claim in Count III, Plaintiffs' Missouri Uniform Securities Act is preempted by the MUTSA.

### C. Tortious Interference with Contract

Plaintiffs allege that Coal Synthetics, Stuart Rose and Matthew Patel retained Icon and Datel's engineering services even though they were aware of Secure's business relationship with Icon, Datel, Gump and Narendra Patel. (Compl., ¶¶134-35). Plaintiffs also allege that "Coal Synthetics, Rose and Matthew Patel's intentional retention of Icon and Datel, and all of Defendants' intentional misappropriation and use of Secure's confidential business information to their benefit violated Icon's agreements with Secure." (Compl., ¶ 136). Plaintiffs allege that these actions induced Icon and Datel to breach their contract and business relationship with Secure. (Id.) In addition, Plaintiffs identified misappropriation of trade secrets as their basis for their tortious interference claim. (See Plaintiffs' Answers to Icon and Datel's Second Set of Interrogatories, Doc. No. 183-5, Nos. 13, 16; Plaintiffs' Answers to Icon and Datel's First Set of Interrogatories, Doc. No. 183-4, Nos. 10-11).

Plaintiffs allege that the same acts of wrongdoing that comprise MUTSA allegations damaged their relationships with Icon. Both claims invoke the intentional misappropriation of Plaintiffs'

business information for the benefit of Coal Synthetics. Based on the same factual allegations that form the basis of Plaintiffs' MUTSA claim, Count VII for tortious interference is preempted by the MUTSA. Thomas & Betts Corp., 108 F. Supp. 2d at 974.

### D.     Unfair Competition

Plaintiffs allege that their coal gasification technology business plan constituted a protectable trade secret under the MUTSA. (Compl., ¶ 148). Although Narendra Patel, Icon, Datel, Gump and Handy had obligations to keep such information secret and confidential, they allegedly disclosed Secure's business plan to Stuart Rose, Matthew Patel and Coal Synthetics. (Compl., ¶¶ 149-50).

These factual allegations simply describe how Defendants used the confidential information taken from Plaintiffs. As such, the allegations of unfair competition are merely a restatement of Plaintiffs' MUTSA claim. "The plain language of this statute provides that plaintiffs' tort claim for unfair competition, which is based upon misappropriation of plaintiffs' trade secrets, is preempted." United Magazine Co. v. Murdoch Magazines Distrib., 146 F. Supp. 2d 385, 410 (S.D.N.Y. 2001)(citing Ohio Rev. Code Ann. § 1333.67)); see also Thermodyn Corp. v. 3M Co., 593 F. Supp. 2d 972, 990 (N.D. Ohio 2008)(where the conduct that plaintiff believed constitutes the basis of its unfair competition claim rested on the alleged misappropriation of plaintiff's trade secrets, plaintiff's unfair competition claim was preempted by the Ohio Uniform Trade Secrets Act). Therefore, the Court grants Defendants' motion for summary judgment on Count VII.

### E.     Civil Conspiracy

Plaintiffs allege that Defendants had a meeting of the minds to agree upon a common purpose of establishing Coal Synthetics and its coal gasification operation in Kentucky. (Compl., ¶¶ 155-56). According to Plaintiffs, Defendants agreed to commit fraud by misappropriating Secure's information

and using that information for Coal Synthetics. (Id.) Secure alleges that Defendants established Coal Synthetics using Secure's proprietary and confidential information. (Compl., ¶ 157). Specifically, Defendants used Secure's confidential information to purchase a facility in Kentucky, obtain environmental permits, and obtain financing for Coal Synthetic's project. (Compl., ¶ 157). In addition, Plaintiffs identified misappropriation of trade secrets as their basis for their conspiracy claim. (See Plaintiffs' Answers to Icon and Datel's Second Set of Interrogatories, Doc. No. 183-5, Nos. 14, 16).

"These allegations state nothing more than an accusation that defendants conspired to take [Plaintiffs'] confidential information by improper means[.]" Thomas & Betts Corp., 108 F. Supp. 2d at 975. The conspiracy allegations in Count VIII are a restatement of Plaintiffs' MUTSA allegations and, therefore, are preempted by the MUTSA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Counts II, III, IV, V, VII, VIII, IX, XI and XII Based on Preemption (Doc. No. 182) is **GRANTED**, in part. Counts II, III, IV, V, VII, VIII and IX are dismissed.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 27th day of April, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE